**Norberto PRATS and Selene Prats,**
**Plaintiffs–Appellants,**

v.

**·THE PORT AUTHORITY OF NEW**
**YORK AND NEW JERSEY,**
**Defendant–Appellee.**

**Docket No. 02–7212.**

United States Court of Appeals,
Second Circuit.

Argued: Sept. 26, 2002.

Question Certified to the New
York Court of Appeals:
Dec. 30, 2002.

Decided: Nov. 18, 2003.

Arnold E. DiJoseph, III, DiJoseph & Portegello, P.C., New York, NY, for Plaintiffs–Appellants.

Richard Lerner, Wilson, Elser, Moskowitz, Edelman & Dicker LLP (Helmut Beron, Jeffrey Ettenger, of counsel), New York, NY, for Defendant–Appellee.

Before: MESKILL, SACK, and KATZMANN, Circuit Judges.

PER CURIAM.

The United States District Court for the Southern District of New York (Denny Chin, *Judge*) granted in part the motion of the defendant-appellee The Port Authority of New York and New Jersey for partial summary judgment pursuant to Fed. R.Civ.P. 56 and dismissed the claims of the plaintiffs-appellants Norberto Prats and Selene Prats under New York Labor Law §§ 240(1) and 241(6). The plaintiffs appealed only the district court's ruling on section 240(1), contending that the Prats erred in concluding that the work that Norberto Prats was performing at the time of his injury—inspecting air conditioning units—is not protected by New York Labor Law § 240(1). New York Labor Law § 240(1) reads, in pertinent part:

> All contractors and owners and their agents ... in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which ·shall be so constructed, placed and operated as to give proper protection to a person so employed.

N.Y. Lab. Law § 240(1). On December 30, 2002, we certified the following question to the New York Court of Appeals:

> In what circumstances, if any, are workers engaged in inspections of construction work that are part of an overall

construction project protected by New York Labor Law § 240(1)?

*Prats v. Port Auth. of New York & New Jersey,* 315 F.3d 146, 151 (2d Cir.2002). We said that "[t]he certified question may be deemed expanded to cover any pertinent further issue that the Court of Appeals thinks it appropriate to address." *Id.* On January 21, 2003, the Court of Appeals accepted the certification. *Prats v. Port Auth. of New York & New Jersey,* 99 N.Y.2d 578, 785 N.E.2d 732, 755 N.Y.S.2d 710 (2003).

On October 21, 2003, the Court of Appeals answered the following question in the affirmative:

> [W]hether the conduct at issue in this action, inspections of construction work, fell within the purview of New York Labor Law § 240(1).

*Prats v. Port Auth. of New York & New Jersey,* No. 103, 2003 WL 22387602, 100 N.Y.2d 878, 768 N.Y.S.2d 178, 179, 800 N.E.2d 351, ——, 2003 N.Y. LEXIS 3312, at *3, 2003 N.Y. Slip Op. 17547, at 3 (N.Y. Oct. 21, 2003) (internal quotation marks omitted). The Court of Appeals reasoned that "a confluence of factors brings plaintiff's activity within the statute: his position as a mechanic who routinely undertook an enumerated activity, his employment with a company engaged under a contract to carry out an enumerated activity, and his participation in an enumerated activity during the specific project and at the same site where the injury occurred." *Id.,* 2003 WL 22387602, at 883, 768 N.Y.S.2d at 181, 800 N.E.2d at ——, 2003 N.Y. LEXIS 3312, at *8–*9, 2003 N.Y. Slip Op. 17547, at 7.

The plaintiffs argue that they are entitled to summary judgment on their claim under section 240(1). But the plaintiffs did not move for summary judgment in the district court on their section 240(1) claim. As a general rule, "a federal appellate court does not consider an issue not passed upon" by the district court. *SEC v. Monarch Funding Corp.,* 192 F.3d 295, 308 (2d Cir.1999). The question whether the Port Authority is liable to the plaintiffs for damages under section 240(1) is different from the question addressed on certification and answered by the New York Court of Appeals, whether the work Norberto Prats did at the time of his injury falls "within the purview" of section 240(1). While the district court decided the latter question (albeit wrongly, according to the New York Court of Appeals), it did not decide the former. We therefore remand for the district court to decide the Port Authority's liability to the plaintiffs in the first instance.

Accordingly, we reverse the district court's grant of the Port Authority's motion for partial summary judgment as to the Prats' section 240(1) claim and remand the case for further proceedings.